WALLACE GLUCK, PLAINTIFF-APPELLANT, v. VINCENT C. PINKAVA, ET AL., DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 1, 1950—Decided May 11, 1950.

Before Judges JACOBS, DONGES and BIGELOW.

*Mr. Albert L. Kessler* argued the cause for plaintiff-appellant (*Mr. Matthew Grayson,* attorney).

*Mr. Robert F. Darby,* attorney for Vincent C. Pinkava and Henry C. McMullen, Magistrate of the Municipal Court of the Township of Springfield.

*Mr. Edward Cohn,* Prosecutor of the Pleas in and for Union County, New Jersey.

The opinion of the court was delivered by

DONGES, J. A. D.   This is an appeal from a summary judgment of the Superior Court, Law Division, dismissing a complaint in lieu of prerogative writ.

The appellant was convicted of a violation of the Motor Vehicle Act and appealed to the County Court for a trial *de novo*. The appeal was dismissed. In his statement of the facts, appellant states that the dismissal was granted because a notice of trial was not served on the prosecutor by the appellant. There is, however, nothing in the appendix to indicate the reasons for the dismissal.

Thereafter, appellant filed a complaint in lieu of *certiorari* in the Law Division of the Superior Court. The court granted a summary judgment against appellant. Appellant appeals from that judgment and, also, asks us to decide the merits of the case.

The Rules of Procedure which govern our courts plainly set forth the procedure to be followed in appeals from inferior courts of limited jurisdiction in matters such as the one before us. These rules have been recently interpreted by the Supreme Court in *State v. Yaccarino*, 3 *N. J.* 291 (1949).

██ *Rule* 2:11 provides for an appeal to the County Court whenever a defendant is convicted in a Municipal Court. Such appeal acts as an application for a trial *de novo*. There is a further right of appeal to the Appellate Division of the Superior Court from an adverse decision of the County Court. Our courts have held that the discretion of the Appellate Division to review a cause directly from the local criminal courts under *Rule* 4:5 is confined to extraordinary circumstances, such as where the jurisdiction of the inferior court is questioned on persuasive grounds, or where the complaint is palpably defective. However, the Law Division may not hear these matters.

The court below was clearly correct. The proper procedure was by appeal to this court. Our review would then have been directed to the judgment of the County Court.

The judgment under review is affirmed.